(No. 75-CV-836— )

IN RE APPLICATION OF FRANK J. REZNAR.

*Opinion filed May 11, 1977.*

FRANK J. REZNAR, Pro Se.

WILLIAM J. SCOTT, Attorney General of Illinois; BEATRICE HEVERAN, Assistant Attorney General.

PER CURIAM.

This claim arises out a criminal offense that occurred January 4, 1975, at 55th and Lawndale, Chicago, Illinois. Frank R. Reznar, the victim, seeks compensation pursuant to the provisions of the "Crime Victims Compensation Act," (Ill.Rev.Stat., Ch. 70, Pars. 71, et seq.), hereinafter "the Act."

This Court has carefully considered the application for benefits submitted on the form prescribed by the Court, the report of the Attorney General, and the testimony taken on February 28, 1977, before the Commissioner to whom the case was assigned for hearing. Based upon the foregoing, the Court finds:

1. That the Claimant, Frank Reznar, age 32, was a victim of a violent crime, as defined in 2(c) of the Act, to wit: "Aggravated Battery," as defined by Ill.Rev.Stat., 1973, Ch. 38, 12-4.

2. That on January 4, 1975, at approximately 3:00 a.m., while driving on Lawndale Avenue in the City of Chicago, Illinois, Claimant was "tailgated" for several blocks by another car. When Claimant reached the intersection of Lawndale and 55th Street, the traffic signal was red and he stopped. The driver of the other vehicle pulled around Claimant's car at a diagonal, making it impossible for Claimant to proceed. Claimant got out of his car and said to the driver of the other car, "What is the matter with you, are you crazy or something?" Thereupon the driver of the other car and two passengers in the rear seat got out of the car and beat Claimant with hockey sticks and karate equipment.

3. That the act of Claimant in getting out of his car and addressing the driver of the other vehicle as he did was not "substantial provocation of his assailant" within the meaning of the Act.

4. That Claimant was taken to Holy Cross Hospital in Chicago, Illinois, for emergency treatment and lost two weeks of work.

5. Claimant reported the incident to the police, but his assailants have never been apprehended.

6. That Claimant has complied with all pertinent provisions of the Act and qualifies for compensation thereunder.

7. That the Claimant seeks compensation for medical expenses and for loss of earnings.

8. That the sole medical expense incurred by Claimant without reimbursement therefor is the following:

$15 Ralph H. Rusco, Jr., D.O.

9. That Claimant was employed by LaBuda Cartage Company, of Chicago, Illinois, as a truck driver prior to the incident. His net weekly earnings were $210.54. As a result of his injuries he lost two weeks of work, his net wage loss being $421.08. He received $150.00 in disability benefits, leaving a compensable wage loss of $271.08.

10. That Claimant is entitled to an award based upon the following:

| | |
|---|---|
| Compensable loss of earnings | $271.08 |
| Net medical expenses | 15.00 |
| Less statutory $200.00 deductible | (200.00) |
| Total recovery | $ 86.08 |

IT IS THEREFORE ORDERED that the sum of Eighty-Six Dollars and Eight Cents ($86.08) be awarded to Frank Reznar as the innocent victim of a violent crime.